IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANICE STALLWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:05cv385-WHA |
| | ) | (WO) |
| SOURCECORP, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

This cause is before the court on the Defendants' Objections to the Plaintiff's Exhibit List, Defendant's Objection to Plaintiff's Deposition Designations, and the Defendants' Motions in Limine.  The court will rule on some aspects of these objections and motions at this time, and will rule on the remaining objections and motions at a later date.

A.  In its Third Motion in Limine, the Defendant seeks, pursuant to Federal Rules of Evidence 402 and 403, to exclude "Golden Rule" evidence, stating that Plaintiff should not be allowed to exhort jurors to place themselves in the Plaintiff's shoes.

The Plaintiff cites <u>McNely v. Ocala Star-Banner Corp.</u>, 99 F.3d 1068, 1071 n.3 (11th Cir. 1996) for the proposition that "an impermissible golden rule argument is an argument 'in which the jury is exhorted to place itself in a party's shoes <u>with respect to damages</u>.'" (citation omitted) (emphasis in the original).  Therefore, the Motion in Limine is due to be GRANTED only to the extent that the Plaintiff is not to request the jury to place itself in her shoes with respect to damages.

B.  In its Fourth Motion in Limine, the Defendant seeks to exclude, pursuant to Federal Rules of Evidence 402, 403 and 801, evidence relating to the wealth or corporate size of the

Defendant.  The basis for exclusion under Rule 801 is that because none of the Plaintiff's witnesses have any personal knowledge or responsibility for preparing Defendant's financial records, any testimony as to financial condition would be inadmissible hearsay.

The Plaintiff responds that this evidence is relevant as to the issue of punitive damages.  The Plaintiff has not addressed the Rule 801 objection.

"[I]n a suit involving a federal question where punitive damages are at issue, the financial condition of the defendant is relevant and will be <u>admissible</u> as a factor to be used in determining the amount of punitive damages, if any, to be awarded."  <u>Wilson v. Gillis Advertising Co.</u>, 145 F.R.D. 578, 580 (N.D. Ala. 1993) (emphasis in original).  The Plaintiff specifically requested punitive damages in the Pre-Trial Order filed in this case, <u>see</u> Doc. # 43 at page 3, which supercedes the pleadings and governs the issues to be presented at trial.  <u>Branch-Hines v. Hebert</u>, 939 F.2d 1311, 1319 (5th Cir. 1991).  Therefore, subject to satisfaction of all other admissibility requirements and subject to the laying of the proper foundation for this evidence, evidence of the Defendant's corporate size or wealth may be admitted in this trial.  The Motion in Limine is due to be GRANTED to the extent that the Plaintiff is not to refer to punitive damages in opening statement or during the trial without first taking up with the court, outside of the presence of the jury, the sufficiency of the establishment of the proper foundation for this evidence.

C.  In its Fifth Motion in Limine, the Defendant seeks to have excluded from trial evidence regarding the Defendant's Restatement of Earnings, the Securities and Exchange Commission's ("SEC") investigation of the Defendant, any litigation related to alleged violations of securities laws, and litigation between Bill Deaton and Sourcecorp.  The Defendant has also objected to Plaintiff's Exhibit 41 which is an excerpt from Sourcecorp's Form 10-Q Filing, and Plaintiff's Exhibit 42 which consists of deposition excerpts of Richard Bledsoe.

The Plaintiff concedes that evidence of any litigation related to alleged violations of securities laws and litigation between Bill Deaton and Sourcecorp is due to be excluded.  The Plaintiff argues, however, that the other evidence identified is relevant and admissible because Charles Combs and Richard Bledsoe were involved in the decision making at issue and were also part of the investigation by the SEC.  The Plaintiff states that the SEC documents and deposition excerpts demonstrate that the Defendant's financial statements could not be relied upon, and that financial problems impacted the Plaintiff by causing the Defendant to cut jobs.

The Plaintiff has failed to demonstrate that the Restatement of Earnings and SEC investigation are connected closely enough to the decision at issue to be relevant.  Even if the financial evidence arguably has some relevance, the court concludes pursuant to Federal Rule of Evidence 403 that the slight probative value is substantially outweighed by the danger of confusion of the issues and misleading the jury by introducing apparently unproven allegations of improper financial disclosures.  The probative value is also substantially outweighed by the waste of time which would be required to explain and defend against allegations of improper financial disclosures which are not connected to the decision not to re-hire Stallworth.  Therefore, the Fifth Motion in Limine is due to be GRANTED as to the Defendant's Restatement of Earnings, the Securities and Exchange Commission's ("SEC") investigation of the Defendant, any litigation related to alleged violations of securities laws and litigation between Bill Deaton and Sourcecorp.  The Objections to Plaintiff's Exhibit 41 and Exhibit 42, which are exhibits that relate to these issues, are also due to be sustained.

D.  The Defendant objects to Plaintiff's Exhibit 22, which is a document entitled "Social Security–Working While Disabled How We Can Help-2006."  The Defendant seeks to exclude

this document as hearsay and under Rule 403.  The Plaintiff responds that it is not hearsay as a commercial publication, but does not respond to the Rule 403 objection.

The relevance of this document appears at this point in the proceedings to be very slight. In ruling on the Motion for Summary Judgment, the court agreed with the Plaintiff, and the Defendant essentially conceded, that the mere fact that a person is receiving Social Security disability benefits does not mean necessarily as a matter of law that the person is not qualified for any employment positions.  That is a legal determination, not a question of fact.  Therefore, to the extent that the document supports that determination, it is not something which the jury needs to consider, and the Objection is due to be sustained as to the use of Plaintiff's Exhibit 22 for that purpose.

The Defendant has presented extensive argument in its trial brief as to the relevance of evidence that the Plaintiff received disability benefits as it relates to her qualification for the specific clerk position at issue, and as it relates to her mitigation of damages.  At trial, if the Plaintiff is able to demonstrate to the court, outside of the presence of the jury, that Plaintiff's Exhibit 22 is relevant as to those issues and otherwise admissible, the court will again consider the admissibility of the evidence.  The Plaintiff is not, however, to mention Exhibit 22 in opening statement, or otherwise refer to this evidence, without first taking up its admissibility with the court outside of the presence of the jury.

E.  In the Objections to the Plaintiff's Exhibit List, the Defendant objects to Plaintiff's Exhibit 14, (the Defendant's Response to request for production), 23 (Stallworth's pay stub), 43 (Consolidated Amended Complaint for Violation of the Federal Securities Laws), 44 (excerpt from Order entered in Securities case), 45 (U.S. Party/Case Index for Sourcecorp), 46 (Image Entry Purchase Orders), 47 (Employer Notice of Determination), to which there has been no

opposition expressed by the Plaintiff.  The Plaintiff having failed to oppose the objections as to these exhibits, the objections are due to be sustained and these exhibits will not be admitted.  The Defendant has also objected to exhibits 48, 49, 50 on the grounds that the descriptions of these exhibits are too vague for the Defendant to properly raise an objection as to them.  The Plaintiff has listed as exhibits any unproduced discovery, any exhibit necessary for impeachment, and demonstrative evidence.  The Plaintiff has not responded to the objections to these exhibits.  Therefore, the objections are due to be sustained to the extent that any evidence other than impeachment evidence which has not been specifically listed in advance of trial will not be admitted.  Demonstrative evidence also must be shown to the opposing party so that the opposing party may object to its use, if appropriate, before it is shown to the jury.

   F.  The Defendant also objects to deposition excerpts from Charlene Talley, Janice Colvin, Diane Burkett, Tim White, and Charles Combs, stating that the testimony can only be used for impeachment.  Although the Plaintiff filed a response to the Defendant's Objections to Plaintiff's Deposition Designations, the Plaintiff only responded to the objection to Richard Bledsoe's deposition designations (discussed above) and has not responded to any other aspect of the Objection. Accordingly, the Objection is due to be sustained, and the deposition excerpts of Charlene Talley, Janice Colvin, Diane Burkett, Tim White, and Charles Combs may be used only for impeachment.

   Accordingly, it is hereby ORDERED as follows:

   1.  The Third Motion in Limine (Doc. #62) is GRANTED to the extent that the Plaintiff is not to request the jury to place itself in her shoes with respect to damages.

   2.  Subject to other admissibility requirements and the establishment of a proper foundation, evidence of the Defendant's corporate size or wealth may be admitted in this trial,

and the Fourth Motion in Limine (Doc. #63) is GRANTED to the extent that the Plaintiff is not to refer to punitive damages in opening statement or at any other time during the trial without first taking up with the court, outside of the presence of the jury, the sufficiency of the establishment of the foundation for this evidence.

   3.  The Fifth Motion in Limine (Doc. #64) is GRANTED as to the Restatement of Earnings, SEC investigation, to any litigation related to alleged violations of securities laws, and to litigation between Bill Deaton and Sourcecorp.  The deposition excerpts of Richard Bledsoe are also due to be excluded as relating to these issues.

   4.  The Objections (Doc. #56) to the Plaintiff's Exhibit List are SUSTAINED as to Plaintiff's Exhibit 14, 23, 41, 42, 43, 45, 46, and 47.  The Objections are also SUSTAINED as to Plaintiff's Exhibit 22, subject to the Plaintiff being able to demonstrate, outside of the presence of the jury, that Plaintiff's Exhibit 22 is relevant as to the issues of Plaintiff's qualification for the position at issue or her mitigation of damages.  Finally, the Objections to Exhibits 48, 49, and 50 are SUSTAINED to the extent that any evidence other than impeachment evidence which has not been specifically listed in advance of trial will not be admitted.  Demonstrative evidence also must be shown to the opposing party so that the opposing party may object to its use, if appropriate, before it is shown to the jury.  The court will rule at a later date on the remaining objections filed by the Defendant.

   5.  Defendant's Objection to Deposition Excerpts (Doc. #53) is SUSTAINED.  The Plaintiff's designated deposition excerpts for Charlene Talley, Janice Colvin, Diane Burkett, Tim White, and Charles Combs may be used only for impeachment.

   Done this 10th day of August, 2006.

                              /s/ W. Harold Albritton
                              W. HAROLD ALBRITTON

SENIOR UNITED STATES DISTRICT JUDGE