IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE STALLWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv385-WHA |
| SOURCECORP, ) | (WO) |
| ) | |
| Defendant. ) | |

**ORDER**

This action is presently before the court on the motions to quash (Docs. ## 73, 83) filed by defendant on August 7, 2006 and on August 9, 2006.  Plaintiff served a subpoena on attorney Jon Goldfarb by facsimile on August 4, 2006, seeking production of any signed statements made by Bridget Smith and Valerie Gray, clients whom Goldfarb represents in a pending lawsuit against defendant SourceCorp (Civil Action No. 2:05CV1039-WKW), which has apparently been resolved by settlement.  (Motion, ¶ 6).  Defendant argues that the subpoena is due to be quashed because it was issued in violation of the court's order establishing the discovery deadline of June 2, 2006 (Doc. # 20)[1] and because the information plaintiff seeks is not relevant to the sole remaining claim in the case.

In her response, plaintiff characterizes the subpoena as a "trial" subpoena and contends that defendant lacks standing to object to it because it is directed to a non-party witness and defendant has not asserted any claim of privilege.  However, the subpoena at

---

[1] The discovery deadline was subsequently extended to July 14, 2006, solely for the purpose of deposing two physician witnesses, on defendant's unopposed motion. (Docs. ## 30, 31).

issue does not command Goldfarb to appear at trial or to appear with documents at trial. Instead, it directs him to produce the requested documents at the offices of plaintiff's counsel on August 11, 2006, four days prior to commencement of the trial. Thus, the subpoena seeks pretrial discovery.

The court need not reach the issues of whether the information sought by the subpoena is relevant or whether defendant has standing to object, on the merits, to production of the requested statements, because it is apparent that plaintiff has violated the court's order establishing the discovery deadline. Defendant clearly may bring another party's violation of the court's scheduling orders to the attention of the court. In her response to the motion, plaintiff does not address defendant's argument that the subpoena should be quashed because it was issued beyond the time allowed by the court for discovery. Plaintiff has not sought relief from the discovery deadline imposed by the scheduling order and, thus, the subpoena is untimely and is due to be quashed for this reason.[2]

Plaintiff's response to the motion to quash the subpoena plaintiff issued on August 4, 2006[3] to defendant's counsel also fails to address defendant's argument regarding the timeliness of the subpoena. This subpoena was also served two months beyond the time allowed by the court for discovery and, therefore, is also due to be quashed.

---

[2] "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b). The local rules for this district do not authorize the undersigned magistrate judge to modify the deadline established by the district judge. Accordingly, the undersigned declines to construe plaintiff's response as a motion for extension of the deadline and does not reach the issue of whether plaintiff has established "good cause" for modification of the schedule.

[3] This subpoena was not served by facsimile, but by mail.

Accordingly, it is

ORDERED that defendant's motion to quash plaintiff's out-of-time subpoena for production of documents (Doc. # 73) and defendant's motion to quash plaintiff's second out-of-time subpoena for production of documents (Doc. # 83) are GRANTED.

Done, this 10th day of August, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE